UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLISON ARCHER, *individually and on behalf of all others similarly situated,*<br><br>        Plaintiff,<br><br>        -v.-<br><br>PILLSBURY WINTHROP SHAW PITTMAN LLP,<br><br>        Defendant. | 25 Civ. 9613 (KPF) |
| FREDERICO REYES, *individually and on behalf of all others similarly situated,*<br><br>        Plaintiff,<br><br>        -v.-<br><br>PILLSBURY WINTHROP SHAW PITTMAN LLP,<br><br>        Defendant. | 25 Civ. 9647 (KPF) |
| MARTIN CHAVIRA-HERNANDEZ, *individually and on behalf of all others similarly situated,*<br><br>        Plaintiff,<br><br>        -v.-<br><br>PILLSBURY WINTHROP SHAW PITTMAN LLP,<br><br>        Defendant. | 25 Civ. 9684 (KPF) |
| SHARON PERRY, *individually and on behalf of all others similarly situated,*<br><br>        Plaintiff, | 25 Civ. 9690 (KPF) |

|  | |
|---|---|
| -v.- <br><br> PILLSBURY WINTHROP SHAW PITTMAN LLP, <br><br> Defendant. | |

KATHERINE POLK FAILLA, District Judge:

On December 2, 2025, the Court received Plaintiff's motion to consolidate the above-captioned actions and to appoint interim class counsel, liaison counsel, and an executive committee in Case No. 25 Civ. 9613, the first of four putative class actions filed against Defendant Pillsbury Winthrop Shaw Pittman LLP based on the same alleged data breach.  (Case No. 25 Civ. 9613, Dkt. #8). Since then, the three subsequently filed cases — Case No. 25 Civ. 9647, Case No. 25 Civ. 9684, and Case No. 25 Civ. 9690 — have been reassigned to this Court.  For the reasons set forth below, the Court grants the motion in part and denies the motion in part.

*First*, the Court GRANTS the motion to consolidate the above-captioned actions under Case No. 25 Civ. 9613.  Federal Rule of Civil Procedure 42(b)(2) allows federal district courts to consolidate actions if they "involve a common question of law or fact."  Here, the Court exercises its discretion to consolidate the above-captioned actions and any future related actions based on the same alleged data breach because each of the actions arises from the same nucleus of operative facts.  The Court determines that consolidation will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the

resources of the parties, their counsel, and the judiciary.  In addition, the Court notes that Defendant does not oppose consolidation.

*Second*, the Court GRANTS the motion to appoint interim co-lead class counsel.  Under Federal Rule of Civil Procedure 23(g)(3), the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  The Court finds that such a designation is appropriate here and therefore designates Gary Klinger of Milberg, PLLC, and Scott Cole of Cole & Van Note as interim co-lead class counsel for Plaintiffs.  The Court directs Plaintiffs to identify one law firm as the firm that will liaise with the Court in this matter.

*Third*, the Court DENIES the motion to appoint liaison counsel and an executive committee.  The Court has reviewed the respective complaints and has considered the contemplated scope of the litigation and size of the putative class.  These additional appointments are not contemplated by the Federal Rules of Civil Procedure and are unnecessary to move this litigation forward.  Conversely, the Court remains concerned that such appointments will result in duplicative efforts and inefficient use of counsel's resources.

The Court adopts the proposed schedule for Plaintiffs' consolidated complaint and directs Plaintiffs to file the complaint on or before **January 5, 2026**.  The Court further directs Defendant to respond to Plaintiffs' consolidated complaint, either by filing an answer or a pre-motion letter, within three weeks of its filing, on or before **January 26, 2026**.

The Clerk of Court is directed to consolidate the above-captioned actions and any future related actions based on the same alleged data breach under Case No. 25 Civ. 9613, and to modify the caption of that case to read "*In re Pillsbury Data Breach Litigation.*"  The Clerk of Court is further directed to terminate the pending motion at docket entry 8 in Case No. 25 Civ. 9613 and to administratively close Case No. 25 Civ. 9647, Case No. 25 Civ. 9684, and Case No. 25 Civ. 9690.

SO ORDERED.

Dated:  December 4, 2025
New York, New York

KATHERINE POLK FAILLA
United States District Judge